UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROXANNE MACMANUS | * | CIVIL NO. 6:15-1723 |
| VERSUS | * | JUDGE DOHERTY |
| LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL | * | MAGISTRATE JUDGE WHITEHURST |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On April 5, 2016, the undersigned issued an Order allowing plaintiff, Roxanne MacManus ("MacManus"), an additional 14 days in which to serve defendant, Langley Productions, Inc. ("Langley"), with the Petition. [rec. doc. 36]. On April 6, 2016, the undersigned issued a Report and Recommendation on Langley Production, Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(5) and 12(b)(6). [rec. doc. 11]. Based on the order allowing MacManus additional time in which to serve Langley with the Petition, the undersigned recommended that the Motion to Dismiss Pursuant to Rule 12(b)(5) [rec. doc. 11] be denied as moot. The undersigned further recommended that the Motion to Dismiss Pursuant to Rule 12(b)(6) be granted with regard to MacManus's claim for negligent spoliation and denied with regard to his remaining claim for intentional spoliation. The undersigned recommended that MacManus be allowed to seek to amend his petition within fourteen days to cure the deficiencies identified in Report and Recommendation.

On April 19, 2016, at 9:35 p.m., MacManus filed a Motion for Extension of Time in which to serve Langley with the Petition. [rec. doc. 38]. Langley opposed the motion. [rec. doc. 39].

MacManus's Petition was originally filed in the 15th Judicial District Court for the Parish of Lafayette on April 21, 2015, then removed to this Court. Plaintiff has had almost a year in which to serve the Petition on Langley. Despite this Court's allowing MacManus an additional 14-days in which to serve the Petition, plaintiff waited until the very last minute to request still more time. Accordingly, Plaintiff's Motion for Extension of Time was denied on April 22, 2016. [rec. doc. 44].

This Court has given the plaintiff more than ample opportunity in which to obtain service on Langley.  Accordingly, the undersigned recommends that the Motion to Dismiss Pursuant to Rule 12(b)(5) be **GRANTED**, and that plaintiff's claims against Langley be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 25th day of April, 2016, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE